# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>YADIER ROSARIO and ENID MARTINEZ,<br><br>                    Defendants. | Case No. 20-CR-30-JPS<br><br>**ORDER** |

      Twenty-six defendants have been charged in an Indictment with various offenses related to an alleged conspiracy to distribute controlled substances. ECF No. 151. Three of those defendants filed pretrial motions. Andros Martinez-Pellot ("Martinez-Pellot") filed a motion to compel disclosure of confidential witnesses. ECF No. 569. Yadier Rosario ("Rosario") filed a motion to dismiss Count 34 of the Indictment and a motion to sever Count 1 of the Indictment from Counts 33 and 34 of the Indictment. ECF Nos. 572, 573. Enid Martinez ("Martinez") filed a motion under seal generally regarding severance. ECF Nos. 555, 556, 557.

      On September 8, 2021, Magistrate Judge William E. Duffin addressed these pretrial motions jointly in an order and recommendation. Magistrate Judge Duffin ordered that Martinez-Pellot's motion be granted in part; Rosario's motion to sever be denied; and Martinez's motion be dismissed without prejudice, permitting her to refile her motion within seven days of an order from this Court setting her trial date. ECF Nos. 601, 602. Magistrate Judge Duffin also recommended that Rosario's motion to dismiss be denied (the "R&R"). *Id.* Rosario submitted a sworn statement in objection to the

R&R, ECF No. 668, to which the Government did not respond. Neither Martinez-Pellot nor Martinez filed objections to Magistrate Judge Duffin's orders. The only matters before the Court are the R&R as to Rosario's motion to dismiss and the deadline Magistrate Judge Duffin set for Martinez to refile her motion.

For the reasons explained below, the Court will adopt the R&R as to Rosario's motion to dismiss. The Court will also adopt the deadline Magistrate Judge Duffin set for Martinez to refile her motion, but notes that no defendants in this matter will be tried jointly, thus likely obviating the need for the motion.

1. **LEGAL STANDARD**

When reviewing a magistrate's recommendation, the Court is obliged to analyze *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[t]he district judge has jurisdiction over the case at all times," and the parties' lack of objection "does not preclude further review by the district judge, sua sponte[,]. . .under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). The Court's review encompasses both the magistrate's legal analysis and factual findings. *Id.*; *see also* Fed. R. Crim. P. 59(b).

2. **ANALYSIS**

    **2.1    Yadier Rosario – Motion to Dismiss Count 34**

    **2.1.1    Legal Standard**

Rosario moves to dismiss Count 34 of the Indictment for failure to state an offense. ECF No. 572 at 1. Federal Rule of Criminal Procedure

12(b)(3)(B)(v) provides that a district court has jurisdiction to hear a pretrial motion alleging "a defect in the indictment or information," including "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). Rule 12(b)(3)(B)(v), however, "does not cover . . . objection[s] to the sufficiency of the *evidence*." *United States v. George*, 403 F.3d 470, 472 (7th Cir. 2005) (emphasis added). For an *indictment* to sufficiently state an offense, it must:

> 1) state all the elements of the crime charged, generally by tracking the statutory language of the offense; 2) adequately apprise the defendant of the nature of the charges so that he may prepare a defense; and 3) allow the defendant to plead the judgment as to a bar to any future prosecutions.

*United States v. Sandoval*, 347 F.3d 627, 633 (7th Cir. 2003). Moreover, "although the indictment must provide some means of pinning down the specific conduct at issue in order to apprise the defendant of the charges, the presence or absence of any particular fact need not be dispositive." *Id.* This is because "question[s] of fact must go to trial; [they] cannot be resolved on a pretrial motion to dismiss." *United States v. Shriver*, 989 F.2d 898, 906 (7th Cir. 1992).

### 2.1.2 Relevant Allegations

On February 11, 2020, the grand jury returned an Indictment, charging Rosario with violating: in Count 1, 21 U.S.C. §§ 846 and 841(b)(1)(A), (b)(1)(B), and (b)(1)(C) (Conspiracy to Distribute Controlled Substance (Cocaine)); in Count 33, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 860(a) (Possession with Intent to Distribute a Controlled Substance (Marijuana and Cocaine)); and in Count 34, 18 U.S.C. § 924(c)(1)(A)(i) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime). ECF Nos. 151, 572.

In support of his motion to dismiss, Rosario states that Counts 33 and 34 stem solely from the execution of a search warrant of his residence on January 15, 2020. ECF No. 572 at 1. Rosario alleges that, during the search, police located: (1) a Glock Model 19 box and receipt with Rosario's name and signature in Rosario's bedroom closet, (2) a Glock Model 19 firearm in a jacket pocket hanging on the wall in Rosario's bedroom, (3) a permit for the Glock Model 19 firearm in Rosario's wallet, (4) marijuana in Rosario's bedroom closet, nightstand, and kitchen cabinet with a combined total weight of 22.5 grams, and (5) crack cocaine in Rosario's garage with a weight of 15.2 grams. *Id.* at 2. Rosario also avers that the search warrant was executed approximately two months following his last intercepted calls and text messages. *Id.* at 5. The intercepted calls and text messages at issue allegedly occurred between August of 2019 and November of 2019 and were between Rosario and his co-defendants regarding the sale of various quantities of cocaine. ECF No. 573 at 1–2.

Based on these facts, Rosario alleges that the quantities of marijuana and crack cocaine found during the search could be associated with personal use. *Id.* Rosario further maintains that cocaine—not marijuana—is the subject of the Count 1 charge for Conspiracy to Distribute a Controlled Substance. Finally, Rosario argues that the crack cocaine was discovered in his garage, which is not close in proximity to the firearm discovered in his bedroom. *Id.*

In addition to the facts set forth by Rosario, the Government avers that, during the search of Rosario's home, police also located: (1) approximately $11,849 in U.S. currency in a brown wooden box underneath Rosario's bed and in his garage, (2) a black bag containing five cellular phones in Rosario's bedroom, and (3) nineteen rounds of

ammunition. ECF No. 591 at 2, 8. The Government also alleges that, during an intercepted Title III call on October 21, 2019, Rosario asked co-Defendant Hector Yamil Rodriguez-Rodriguez for "four loose ounces" because Rosario "need[ed] them for the black guy from the north side." *Id.* at 5 (quoting ECF No. 1 at 145).

### 2.1.3 Analysis

To state an offense for Possession of a Firearm in Furtherance of a Drug Trafficking Crime under 18 U.S.C. § 924(c)(1)(A), the Government must plead the following elements: (1) the defendant committed the drug trafficking crime, (2) the defendant knowingly possessed a firearm, and (3) the defendant's possession of the firearm was in furtherance of the drug trafficking crime. Comm. on Fed. Crim. Jury Instructions, *Pattern Criminal Jury Instructions of the Seventh Circuit*, 241 (2012), https://www.ca7.uscourts.gov. "In furtherance of" is defined as:

> A person possesses a firearm "in furtherance of" of a crime if the firearm furthers, advances, moves forward, promotes or facilitates the crime. The mere presence of a firearm at the scene of a crime is insufficient to establish that the firearm was possessed "in furtherance of" the crime. There must be some connection between the firearm and the crime.

*Id.* at 249. In his motion, Rosario alleges that he did not possess a firearm "in furtherance" of the drug trafficking conspiracy. ECF No. 572 at 3. Rosario's argument rests upon the facts that the crack cocaine was discovered in his garage, only a small portion of the marijuana came from his bedroom, the firearm was found in his bedroom, and Rosario had a permit for the firearm. *Id.*

In support of his argument, Rosario cites a series of cases holding, in pertinent part, that the presence of a firearm, without more, is insufficient

to prove that a firearm was possessed in furtherance of a drug trafficking crime. *Id.* at 3–4. In its response, the Government notes that "Rosario's challenge is premised entirely on a factual dispute, and therefore must be resolved at trial." ECF No. 591 at 10. Based on these facts and arguments, Magistrate Judge Duffin recommended that Rosario's motion to dismiss be denied. ECF No. 601 at 3–4. Magistrate Judge Duffin determined that Count 34 of the Indictment clears the low pleading bar and that Rosario's motion is simply "a means of testing the strength or weakness of the government's case, [and] the sufficiency of the government's evidence." *Id.* at 3 (quoting *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009)). Magistrate Judge Duffin continued, stating that, "[w]hether the government will be able to muster evidence at trial sufficient to prove beyond a reasonable doubt that Rosario possessed a firearm in furtherance of a drug trafficking offense is not a matter the court can address at this stage." *Id.* at 4.

Thereafter, Rosario filed an objection to Magistrate Judge Duffin's R&R. ECF No. 668. Rosario's objection explains that Rosario has been addicted to drugs since he was fourteen years old. *Id.* at 1. Rosario began smoking marijuana and, when he no longer felt an effect, turned to crack cocaine. *Id.* at 1–2. Rosario alleges that the crack cocaine found in his garage was all for his personal use and that he "would use this amount in 48 hours." *Id.* Rosario also states that he purchased the Glock Model 19 because he feared the level of crime in his neighborhood in Milwaukee's south side. *Id.* at 3. He reiterates that he obtained a permit for the Glock Model 19, and that he "did not buy this weapon for any illegal activity." *Id.*

Notwithstanding Rosario's objection, the Court agrees with Magistrate Judge Duffin's R&R. In addition to the reasoning set forth in the R&R, the Court notes that *all* of the cases cited by Rosario in his motion to

dismiss were decided following either a jury or bench trial verdict where the relevant inquiry was the sufficiency of the *evidence*, not the sufficiency of the *indictment*. ECF No. 572 at 3–4. The Court is further persuaded that the Seventh Circuit Pattern Instruction's definition of "in furtherance of" requires a factual determination to be made by the jury as to whether the firearm "further[ed], advance[d], move[d] forward, promote[d] or facilitate[d] the crime." ECF No. 591 at 12. The facts set forth in Rosario's objection are simply that—facts. Rosario may present them to the jury should his case proceed to trial. The Court will adopt the R&R as to Rosario's motion to dismiss.

### 2.2 Enid Martinez

On June 23, 2021, Martinez filed an *ex parte* motion under seal generally regarding severance. ECF Nos. 555, 556, 557. In her motion, Martinez acknowledges that the motion is premature and may become moot depending upon which defendants proceed to trial. ECF No. 557 at 4. Because the motion revealed her defense strategy, Martinez requested that its contents not be disclosed to the Government. *Id.* The Government, which was not served with the motion, did not file any response or other objection.

In his September 8, 2021 order, Magistrate Judge Duffin agreed that Martinez's motion was not ripe for resolution but should remain sealed as it had the potential to reveal her defense strategy. ECF No. 601 at 8–9. Magistrate Judge Duffin accordingly denied Martinez's motion without prejudice, ruling that "[u]nless otherwise ordered by Judge Stadtmueller," she refile it within seven days after this Court enters an order setting her trial date. *Id.* The Court agrees with Magistrate Judge Duffin's order as to Martinez's motion and adopts the deadline set therein, but notes that no

Page 7 of 8
Case 2:20-cr-00030-JPS   Filed 04/15/22   Page 7 of 8   Document 781

defendants in this matter will be tried jointly, thus likely obviating the need for the motion.

### 3. CONCLUSION

For the reasons explained above, the Court will overrule Rosario's objections and adopt the R&R as to his motion to dismiss. The Court agrees with Magistrate Judge Duffin's order as to Martinez's motion and adopts the deadline set therein, but notes that no defendants in this matter will be tried jointly, thus likely obviating the need for the motion.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's R&R, ECF Nos. 601, 602, be and the same is hereby **ADOPTED** as set forth in the body of this Order;

**IT IS FURTHER ORDERED** that Yadier Rosario's objections to Magistrate Judge William E. Duffin's R&R, ECF No. 668, be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Yadier Rosario's motion to dismiss Count 34, ECF No. 572, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Enid Martinez may refile her motion generally regarding severance **within seven days** of the Court's order setting her trial date, though the Court notes parenthetically that no defendants in this matter will be tried jointly.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2022.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Page 8 of 8
Case 2:20-cr-00030-JPS   Filed 04/15/22   Page 8 of 8   Document 781